UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GUANG JIN,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-314-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Guang Jin, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Jin has filed a reply. ECF 10, ECF 15. The petition is ready to be decided.

BACKGROUND

Jin is a native and citizen of China who entered the United States in 2007 as a lawful permanent resident at the age of 20. ECF 10-1 at 12. In 2023, he was convicted of criminal possession of a weapon and of stolen property. *Id.* He had another conviction in 2023 of attempted grand larceny, and another 2023 conviction of attempted identify theft. *Id.* at 12-13. Jin was served a Notice to Appear in October 2023, charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an aggravated felony and under 8 U.S.C. § 1227(a)(2)(A)(ii) for being convicted of two crimes of moral turpitude. ECF 10-1 at 2-5. He was not detained at this point.

Jin was arrested in 2024 on several identity theft and fraud charges. ECF 10-1 at 13. Immigration and Customs Enforcement (ICE) learned of those charges while he was in jail and planned to take him into custody upon his release from state custody. *Id.* at 12. Upon his release from a criminal sentence, he was taken into ICE custody on February 14, 2025.

Jin was ordered removed to China September 5, 2025. ECF 10-1 at 14-17. He waived his right to appeal. *Id.* at 17. Jin filed this habeas petition in March 2026, after six months of detention following his removal order, arguing that his continued detention was unlawful. Jin argued his removal to China is not reasonably foreseeable because he does not possess a Chinese birth certificate, passport, or other identification documents necessary for China to verify his identity in order to issue a travel document. He further alleged that historically, China has been designated a recalcitrant nation that refuses or unreasonably delays accepting its citizens for removal from the United States.

In answering the petition, the Warden asserted that Jin's removal was reasonably foreseeable because ICE Enforcement and Removal Operations (ERO) is engaging in ongoing efforts to effectuate Jin's removal. The Warden includes a declaration from a deportation officer, dated April 28, 2026, which stated a travel document request was submitted to the government of the People's Republic of China around February 23, 2026.

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Jin's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has

thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the respondent first argues that Jin's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Jin ended in December 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

---

[1] The removal period spans 90 days and begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1). Because Jin waived his right to appeal, his removal order became administratively final when the removal order was entered on September 5, 2025. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(b).

3

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Jin has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

Jin began his petition with good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future—namely that he does not have the identification documents China requires to issue travel documents, and China has historically been recalcitrant to repatriate its citizens. The Warden does not address those specific issues and instead relies solely on a travel document request that was submitted to China on February 23, 2026. The government is allowed time for administrative processes to run their courses, but two months had passed by the time the Warden answered the petition with no update on the status of the request, and even now four months after the request, the Warden has not provided an update that any action has been taken on the request. The Warden provides no evidence about the expected timeline for the Chinese government to act on the request or any reason to believe the request might be successful, given the impediments Jin identified.

4

Consequently, the court finds that the Warden has not adequately demonstrated that Jin's removal is reasonably foreseeable. Therefore, the Warden must release him.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondent to release Guang Jin on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **June 25, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on June 24, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT